**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SURINDER SINGH, | No. 06-72572 |
| Petitioner, | Agency No. A072-404-154 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 9, 2010
San Francisco, California

Before: GRABER, CALLAHAN, and BEA, Circuit Judges.

Surinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals's ("BIA") order that denied his application for

asylum, withholding of removal, and relief under the Convention Against Torture

("CAT"). The Immigration Judge ("IJ") found that Singh was not credible; denied

his application for asylum, withholding of removal, and CAT relief; and ordered

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

him removed. The BIA affirmed. We grant the petition for review and remand because substantial evidence does not support the IJ's adverse credibility finding. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004) (holding that we review adverse credibility findings for substantial evidence).

To support the adverse credibility finding, the IJ cited Singh's vague and unresponsive testimony with respect to his political beliefs, his religious beliefs, and the beatings inflicted on him by the police. An IJ can base an adverse credibility finding on vague or unresponsive testimony. *Singh-Kaur v. INS*, 183 F.3d 1147, 1153 (9th Cir. 1999). However, the IJ must provide an alien with an opportunity to explain vague or unresponsive testimony before the IJ relies on that testimony as a reason for finding the alien not credible. *See Guo v. Ashcroft*, 361 F.3d 1194, 1200 (9th Cir. 2004); *Singh v. Ashcroft*, 301 F.3d 1109, 1114 (9th Cir. 2002). Here, Singh's vague and unresponsive testimony cannot support an adverse credibility finding because Singh answered all the questions posed to him, and neither the government nor the IJ asked Singh to provide a more detailed explanation of any of his testimony.

The IJ also cited several claimed inconsistencies in Singh's testimony: the date of his fourth arrest, the significance of yellow headdresses, the amount of political activity in which he engaged after 1996, and whether he was a member of

the village council in 1999. Singh testified that his fourth arrest was in 1999, but his application listed the date of his fourth arrest as 2000. This minor inconsistency is insufficient to support an adverse credibility finding. *See Vilorio-Lopez v. INS*, 852 F.2d 1137, 1142 (9th Cir. 1988) ("Minor inconsistencies in the record such as discrepancies in dates which reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding."). There is no evidence in the record that supports the finding that Singh testified inconsistently regarding the other claimed inconsistencies.

The IJ found Singh's claim of persecution "inconsistent with the country conditions" because "the State Department Country Report clearly shows that the conditions in the Punjab region for Sikhs have improved dramatically." However, a State Department report that "describ[es] a general condition of peace in society" is insufficient to support an IJ's adverse credibility finding when an alien testifies that he has experienced past persecution. *Shah v. INS*, 220 F.3d 1062, 1069 (9th Cir. 2000). Here, the IJ erroneously relied on a general conclusion stated in a State Department report to support its adverse credibility finding.

The IJ also found that Singh's testimony about his inability to provide identifying documents was not credible. The IJ stated: "this Court is not even sure who the respondent is. When the Court asked him about birth certificates and why

3

he was not able to obtain one, he could not articulate a reason why and his response in any event was simply . . . not believable . . . nor could he explain why he was not able to obtain any other identification documents." But Singh *did* explain why he did not have a birth certificate: he was required to give it to the Indian government when he applied for a passport and the government did not return his birth certificate. To the extent the IJ disbelieved Singh's testimony that he was required to submit his birth certificate to obtain a passport and that the government did not return his birth certificate, the IJ engaged in speculation and conjecture, which cannot support an adverse credibility finding. *See Kaur v. Ashcroft*, 379 F.3d 876, 887 (9th Cir. 2004) ("Speculation and conjecture cannot form the basis of an adverse credibility finding, which must instead be based on substantial evidence." (internal quotation marks omitted)). Singh also testified that he could not get a new birth certificate. The IJ did not ask Singh to explain why he was unable to get a new birth certificate, and the record contains no evidence regarding the process for obtaining a new birth certificate in India. Thus, the IJ lacked any basis in evidence to disbelieve Singh's testimony.

Finally, the BIA's finding that "conditions in the Punjab region for Sikhs have improved dramatically" is insufficient to rebut the presumption that past persecution will result in future persecution because the BIA did not undertake an

4

*individualized* analysis of how changed conditions would affect Singh's situation. *See Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir. 2003). An alien who has suffered past persecution "is presumed to have a well-founded fear of future persecution." *Id.* at 997 (internal quotation marks omitted). The government "can rebut this presumption by showing, by a preponderance of the evidence, that the conditions in the applicant's home country have changed such that he or she no longer has a well-founded fear of persecution." *Id.* (internal quotation marks and brackets omitted). The evidence on which the government relies "must be tailored to the applicant: Information about general changes in the country is not sufficient." *Id.* (citation and internal quotation marks omitted). Here, the BIA relied on information about general changes in India. That evidence is insufficient to rebut the presumption that past persecution will result in future persecution. *See id.*

We grant the petition for review and remand to the BIA on an open record for further proceedings consistent with this disposition. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1093–96 (9th Cir. 2009); *see also INS v. Orlando Ventura*, 537 U.S. 12, 16–18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**